**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

DAVID M. PERELMAN,
        *Defendant-Appellant.*

No. 10-10571

D.C. No.
2:09-cr-00443-KJD-
LRL-1

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted
July 11, 2011—San Francisco, California

Filed September 26, 2011
Amended August 28, 2012

Before: Procter Hug, Jr., Barry G. Silverman, and
Susan P. Graber, Circuit Judges.

Opinion by Judge Graber

## COUNSEL

Alina M. Shell and Rene L. Valladares, Assistant Federal Public Defenders, Las Vegas, Nevada, for the defendant-appellant.

Roger Yang, Assistant United States Attorney, Las Vegas, Nevada, for the plaintiff-appellee.

Allen Lichtenstein, ACLU of Nevada, Las Vegas, Nevada, for the amicus curiae.

## ORDER

The opinion filed on September 26, 2011, and published at 658 F.3d 1134, is amended by the opinion filed concurrently with this order.

With these amendments, the panel has voted to deny the petition for panel rehearing. Judges Silverman and Graber have voted to deny the petition for rehearing en banc, and Judge Hug has so recommended.

The full court has been advised of the petition for rehearing en banc, and no judge of the court has requested a vote on it.

The petition for panel rehearing and petition for rehearing en banc are DENIED. No further petitions for panel rehearing or rehearing en banc will be entertained. The stay of the issuance of the mandate filed on October 25, 2011, is lifted.

---

## OPINION

GRABER, Circuit Judge:

Defendant David M. Perelman fraudulently obtained a Purple Heart and wore it in public. The government indicted him for violating 18 U.S.C. § 704(a), which prohibits (among other things) the unauthorized wearing of military medals. Defendant pleaded guilty but reserved his right to appeal the district court's rejection of his First Amendment facial challenge to the statute. Reviewing de novo the constitutionality of the statute, *United States v. Vongxay*, 594 F.3d 1111, 1114 (9th Cir.), *cert. denied*, 131 S. Ct. 294 (2010), we affirm.

Defendant served in Vietnam for approximately three months in 1971. Twenty years later, he accidentally shot himself in the right thigh. He later claimed that the self-inflicted gunshot wound was a shrapnel injury sustained during his service in Vietnam. The United States Air Force awarded him a Purple Heart and other medals in 1994. Because of his receipt of the Purple Heart and other medals, the Veterans Administration gave Defendant more than $180,000 in disability benefits. The government alleged that Defendant wore a Purple

Heart to a national convention of the Military Order of the Purple Heart in Las Vegas, Nevada.

After the government discovered the fraud, it indicted Defendant on two counts. Count One alleged that Defendant stole from the Veterans Administration by obtaining disability benefits under false pretenses, in violation of 18 U.S.C. § 641. Count Two alleged that Defendant wore the Purple Heart "without authorization under regulations made pursuant to law," in violation of 18 U.S.C. § 704(a).

Defendant moved to dismiss Count Two on the ground that the statute facially violates the First Amendment. The district court denied the motion. Defendant thereafter admitted the factual allegations and pleaded guilty to both counts. Defendant waived all his rights to appeal except for the right to appeal the district court's denial of his motion to dismiss Count Two.

The district court sentenced Defendant to imprisonment of 12 months and one day on Count One and imprisonment of 10 months on Count Two, to be served concurrently. The district court also sentenced Defendant to three years' supervised release on Count One and one year's supervised release on Count Two, to be served concurrently.

Defendant timely appeals. We granted the motion of the American Civil Liberties Union of Nevada to become amicus curiae in support of Defendant.

Title 18 U.S.C. § 704 states, in relevant part:

> (a) *In general.* Whoever knowingly wears, purchases, attempts to purchase, solicits for purchase, mails, ships, imports, exports, produces blank certificates of receipt for, manufactures, sells, attempts to sell, advertises for sale, trades, barters, or exchanges for anything of value any decoration or medal autho-

rized by Congress for the armed forces of the United States, or any of the service medals or badges awarded to the members of such forces, or the ribbon, button, or rosette of any such badge, decoration or medal, or any colorable imitation thereof, except when authorized under regulations made pursuant to law, shall be fined under this title or imprisoned not more than six months, or both.

(b) *False claims about receipt of military decorations or medals*. Whoever falsely represents himself or herself, verbally or in writing, to have been awarded any decoration or medal authorized by Congress for the Armed Forces of the United States, any of the service medals or badges awarded to the members of such forces, the ribbon, button, or rosette of any such badge, decoration, or medal, or any colorable imitation of such item shall be fined under this title, imprisoned not more than six months, or both.

Enhanced penalties apply to violations involving certain medals, including the Purple Heart. *Id.* § 704(c), (d).

**[1]** Defendant pleaded guilty to the portion of subsection (a) that criminalizes the act of "knowingly wear[ing]" a medal: "Whoever knowingly wears . . . any decoration or medal authorized by Congress for the armed forces of the United States . . . or any colorable imitation thereof, except when authorized under regulations made pursuant to law," is guilty of a crime.[1] *Id.* § 704(a). Defendant does not argue that his conduct—intentionally wearing a fraudulently obtained medal—deserves First Amendment protection. That is, he does not challenge the statute as applied to him. Instead, he

---

[1]We emphasize that we interpret only the "knowingly wears" portion of § 704(a). We do not address the other actions criminalized by the statute, such as the unauthorized importing, selling, or manufacturing of medals.

brings a facial First Amendment challenge to the statute. He argues that, on its face, the statute is overbroad.[2]

"The first step in overbreadth analysis is to construe the challenged statute; it is impossible to determine whether a statute reaches too far without first knowing what the statute covers." *Williams*, 553 U.S. at 293. The challenged statute states: "Whoever knowingly wears . . . any decoration or medal authorized by Congress for the armed forces of the United States . . . or any colorable imitation thereof, except when authorized under regulations made pursuant to law," is guilty of a crime. 18 U.S.C. § 704(a). By its terms, anyone who "knowingly wears" a military medal or "colorable imitation thereof" has committed a crime, "except when authorized under regulations made pursuant to law." *Id.*

**[2]** The parties have directed us to very few regulations authorizing the wearing of medals. Under those regulations, the valid recipient of a military medal is the only person who may wear the medal. *See, e.g.*, 32 C.F.R. § 507.12(a) ("The wearing of any decoration, service medal, badge, service ribbon, lapel button, or insignia prescribed or authorized by the Department of the Army and the Department of the Air Force

---

[2]Defendant also brings a facial vagueness challenge. But the statute is not vague: It prohibits anyone from knowingly wearing a military medal if he or she lacks authorization to wear it. The statute "provide[s] a person of ordinary intelligence fair notice of what is prohibited." *United States v. Williams*, 553 U.S. 285, 304 (2008).

Defendant's only argument on this point is that the district courts and the government have expressed varying views "regarding how a person obtains authorization to wear a medal pursuant to § 704." Assuming that there is ambiguity as to how to request authorization, that does not render the criminal provision vague or ambiguous. Even if there is uncertainty concerning how one *could* obtain authorization, the statute makes clear that a person who has *not received* authorization may not wear a medal. Defendant does not assert, and cannot assert, that a class of persons exists who are uncertain whether the authorization that they have received is valid; Defendant's arguments all concern persons who have not received any authorization at all. The statute is not vague with respect to them.

*by any person not properly authorized to wear such device
. . .* is prohibited." (emphasis added)); Army Regulation 670-
1, *available at* http://www.apd.army.mil/pdffiles/r670_1.pdf,
Rule 1-4(d) ("[N]o person except a member of the U.S. Army
may wear the uniform, or a distinctive part of the uniform of
the U.S. Army unless otherwise authorized by law."). To our
knowledge, there are no regulations permitting any person
other than the valid recipient to wear a military medal in any
circumstances.

Defendant asserts, then, that any person other than the valid
recipient who wears a military medal, or a colorable imitation
thereof, is guilty of a crime, regardless of context or circum-
stances. From that premise, Defendant and amicus provide a
long list of examples of conduct that one typically thinks of
as harmless or protected speech, but that would constitute a
crime under Defendant's reading of the statute. For instance,
under that reading, the following persons have committed a
crime: Actors who have worn military medals (or colorable
imitations) in films or other theatrical productions; schoolchil-
dren who have worn medals given to them by soldiers; griev-
ing spouses or parents who have worn medals at military
funerals; grandchildren who have worn their grandparents'
medals in Veterans Day parades; children and adults who
have worn medals (or colorable imitations) to Halloween cos-
tume parties; others who may have worn medals as part of
other artistic expression, such as a hypothetical band called
"The Purple Hearts"; others who have worn them simply as
a fashion statement or because they like the way the medals
look; a metal-worker who created a replica of a Silver Star in
the privacy of his workshop, put it on, and then immediately
melted it down; and a protestor who has dressed up like a
Guantanamo prisoner and, to make a political statement, wore
a friend's medal. Defendant argues that those examples render
the statute overbroad under the "second type of facial chal-
lenge" recognized by the Supreme Court in the First Amend-
ment context, "whereby a law may be invalidated as
overbroad if a substantial number of its applications are

unconstitutional, judged in relation to the statute's plainly legitimate sweep." *United States v. Stevens*, 130 S. Ct. 1577, 1587 (2010) (internal quotation marks omitted).

The statute could be read as broadly as Defendant suggests. We agree with Defendant that such a broad statute might raise serious constitutional concerns. *See id.* (holding that a federal law criminalizing the possession of animal cruelty videos and photographs was facially overbroad because the statute "applies to common depictions of ordinary and lawful activities, and that these depictions constitute the vast majority of materials subject to the statute"). Because Defendant's reading raises a "serious doubt" as to the statute's constitutionality, we must "first ascertain whether a construction of the statute is fairly possible by which the question may be avoided." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001) (internal quotation marks omitted).

**[3]** Whether as a matter of pure statutory interpretation, constitutional avoidance, or both, we disagree with Defendant's expansive reading of the statute. In our view, Congress intended to criminalize the unauthorized wearing of medals only when the wearer *intends to deceive*. We draw our conclusion from the fact that the statute requires that a person "*knowingly* wear[ ]" a medal "*or any colorable imitation thereof.*" 18 U.S.C. § 704(a) (emphases added). Read in context, it is clear that Congress sought to prevent the *deceptive* use of military medals. The statute does not aim to preserve only the correct use of valid military medals, that is, the physical objects sanctioned by the government. By prohibiting the wearing of a colorable imitation and by including a scienter requirement, Congress made clear that deception was its targeted harm. *See United States v. Goeltz*, 513 F.2d 193, 197 (10th Cir. 1975) (interpreting the very similarly worded provision at 18 U.S.C. § 701, which criminalizes unauthorized possession of government identifications or colorable imitations thereof,[3] and holding that "[t]he enactment of § 701 was

---

[3]Section 701 states: "Whoever . . . possesses any badge, identification card, or other insignia, of the design prescribed by the head of any depart-

intended to protect the public against the use of a recognizable assertion of authority *with intent to deceive*" (emphasis added)); *see also United States v. Roe*, 575 F. Supp. 2d 690, 692 (D. Md. 2008) (stating that the government itself advanced the position that § 701 requires an intent to deceive, but not reaching the issue). Accordingly, we hold that a person violates the unauthorized wearing portion of 18 U.S.C. § 704(a) only if he or she has an intent to deceive.

**[4]** Because the statute requires an intent to deceive, the examples listed above do not fall within the scope of the statute. For instance, because the grieving widow, the proud grandchild, the actor on stage, and the protestor lack an intent to deceive, the wearing of the medals in those circumstances does not fall within the criminal statute. Accordingly, Defendant's facial overbreadth challenge fails.

In *United States v. Alvarez*, 132 S. Ct. 2537 (2012), the Supreme Court held that § 704(b), which criminalizes false statements about the receipt of military decorations or medals, is unconstitutional. But § 704(b) is "a content-based suppression of pure speech," which is "presumed invalid." *Id.* at 2543-44. Here, we interpret § 704(a), which criminalizes not pure speech, but instead the harmful *conduct* of wearing a medal without authorization and with intent to deceive. The use of a physical object goes beyond mere speech and suggests that the wearer has proof of the lie, or government endorsement of it.

---

ment or agency of the United States for use by any officer or employee thereof, or any colorable imitation thereof, . . . except as authorized under regulations made pursuant to law" is guilty of a crime.

Section 704(a) states: "Whoever knowingly wears . . . any decoration or medal authorized by Congress for the armed forces of the United States, . . . or any colorable imitation thereof, except when authorized under regulations made pursuant to law," is guilty of a crime.

**[5]** Similarly, the Supreme Court held that "the sweeping, quite unprecedented reach of [§ 704(b)] puts it in conflict with the First Amendment." *Id.* at 2547. By contrast, § 704(a) reaches only intentionally deceptive acts, thus limiting the statute's reach to a narrow range of conduct similar to that prohibited by impersonation statutes. *See, e.g.*, 18 U.S.C. § 912 (criminalizing the impersonation of an officer or employee of the United States). Defendant effectively argues that the First Amendment protects the fraudster's *knowingly fraudulent activity*: knowingly wearing a military medal without authorization and with intent to deceive. Whereas § 704(b) criminalizes pure speech, § 704(a) criminalizes certain specified activities[4] limited by a scienter requirement. Even if we assume that the intentionally deceptive wearing of a medal contains an expressive element—the false statement that "I received a medal"—the distinction between pure speech and conduct that has an expressive element separates this case from *Alvarez*. Indeed, in *Alvarez*, the Supreme Court distinguished examples such as impersonation statutes by explaining that they "implicate fraud or speech integral to criminal conduct." 132 S. Ct. at 2546. We conclude that wearing a military medal with an intent to deceive falls within that same category. Indeed, Defendant did not preserve or bring to us for decision an as-applied challenge to his conviction, most likely in recognition that his own fraudulent activities do not deserve First Amendment protection.

Likewise, earlier Supreme Court precedent strongly suggests that § 704(a) survives First Amendment scrutiny. In *Schacht v. United States*, 398 U.S. 58 (1970), the Supreme Court addressed a constitutional challenge to 18 U.S.C. § 702, which bars the unauthorized wearing of military uniforms. The Court held that an implementing regulation that permitted actors to wear uniforms only if they did not criticize the government was unconstitutional. *Id.* at 63. But the Court began

---

[4]We note that most of the activities banned in § 704(a) are not expressive, for example, buying and selling military medals and manufacturing replicas.

its analysis by noting that "[o]ur previous cases would seem to make it clear that 18 U.S.C. § 702, making it an offense to wear our military uniforms without authority is, standing alone, a valid statute on its face." *Id.* at 61 (citing *United States v. O'Brien*, 391 U.S. 367 (1968)).

Defendant here does not challenge an implementing regulation, as the defendant in *Schacht* had. Instead, Defendant challenges § 704(a) on its face. The Supreme Court's dictum concerning § 702 strongly suggests that, like that statute, § 704(a) "is, standing alone, a valid statute on its face." *Id.*; *see Coeur d'Alene Tribe of Idaho v. Hammond*, 384 F.3d 674, 683 (9th Cir. 2004) ("[O]ur precedent requires that we give great weight to dicta of the Supreme Court.").

**[6]** Under *O'Brien*, "a government regulation is sufficiently justified if it is within the constitutional power of the Government; if it furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest." 391 U.S. at 377. Defendant does not dispute that the regulation of military medals is within the power of the government. And we recently held in *Alvarez* that the government has a compelling interest in "preserving the integrity of its system of honoring our military men and women for their service and, at times, their sacrifice." 617 F.3d at 1216. The government similarly has a compelling interest in preventing the intentionally deceptive wearing of medals. Those interests are unrelated to the suppression of free expression because, unlike the implementing regulation at issue in *Schacht*, § 704(a) does not prevent the expression of any particular message or viewpoint. Instead, § 704(a) promotes compelling governmental interests by barring fraudulent conduct.

**[7]** The final prong of the *O'Brien* test asks whether "the incidental restriction on alleged First Amendment freedoms is

no greater than is essential to the furtherance of that interest." 391 U.S. at 377. The Court has explained more recently that " 'an incidental burden on speech is no greater than is essential, and therefore is permissible under *O'Brien*, so long as the neutral regulation promotes a substantial government interest that would be achieved less effectively absent the regulation.' " *Rumsfeld v. Forum for Academic & Inst'l Rights, Inc.*, 547 U.S. 47, 67 (2006) (quoting *United States v. Albertini*, 472 U.S. 675, 689 (1985)). Here, that test is met because, even if § 704(a) is not the most effective mechanism, in at least some measure it promotes the goals of maintaining the integrity of the military's medals and preventing the fraudulent wearing of military medals.

**[8]** We therefore reject Defendant's facial First Amendment challenge to 18 U.S.C. § 704(a).

AFFIRMED.