**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

DAVID M. PERELMAN,
            *Defendant-Appellant.*

No. 10-10571

D.C. No.
2:09-cr-00443-KJD-
LRL-1

OPINION

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted
July 11, 2011—San Francisco, California

Filed September 26, 2011

Before: Procter Hug, Jr., Barry G. Silverman, and
Susan P. Graber, Circuit Judges.

Opinion by Judge Graber

18421

## COUNSEL

Alina M. Shell and Rene L. Valladares, Assistant Federal Public Defenders, Las Vegas, Nevada, for the defendant-appellant.

Roger Yang, Assistant United States Attorney, Las Vegas, Nevada, for the plaintiff-appellee.

Allen Lichtenstein, ACLU of Nevada, Las Vegas, Nevada, for the amicus curiae.

## OPINION

GRABER, Circuit Judge:

Defendant David M. Perelman fraudulently obtained a Purple Heart and wore it in public. The government indicted him

for violating 18 U.S.C. § 704(a), which prohibits (among other things) the unauthorized wearing of military medals. Defendant pleaded guilty but reserved his right to appeal the district court's rejection of his First Amendment facial challenge to the statute. Reviewing de novo the constitutionality of the statute, *United States v. Vongxay*, 594 F.3d 1111, 1114 (9th Cir.), *cert. denied*, 131 S. Ct. 294 (2010), we affirm.

Defendant served in Vietnam for approximately three months in 1971. Twenty years later, he accidentally shot himself in the right thigh. He later claimed that the self-inflicted gunshot wound was a shrapnel injury sustained during his service in Vietnam. The United States Air Force awarded him a Purple Heart and other medals in 1994. Because of his receipt of the Purple Heart and other medals, the Veterans Administration gave Defendant more than $180,000 in disability benefits. The government alleged that Defendant wore a Purple Heart to a national convention of the Military Order of the Purple Heart in Las Vegas, Nevada.

After the government discovered the fraud, it indicted Defendant on two counts. Count One alleged that Defendant stole from the Veterans Administration by obtaining disability benefits under false pretenses, in violation of 18 U.S.C. § 641. Count Two alleged that Defendant wore the Purple Heart "without authorization under regulations made pursuant to law," in violation of 18 U.S.C. § 704(a).

Defendant moved to dismiss Count Two on the ground that the statute facially violates the First Amendment. The district court denied the motion. Defendant thereafter admitted the factual allegations and pleaded guilty to both counts. Defendant waived all his rights to appeal except for the right to appeal the district court's denial of his motion to dismiss Count Two.

The district court sentenced Defendant to imprisonment of 12 months and one day on Count One and imprisonment of

10 months on Count Two, to be served concurrently. The district court also sentenced Defendant to three years' supervised release on Count One and one year's supervised release on Count Two, to be served concurrently.

Defendant timely appeals. We granted the motion of the American Civil Liberties Union of Nevada to become amicus curiae in support of Defendant.

Title 18 U.S.C. § 704 states, in relevant part:

(a) *In general*. Whoever knowingly wears, purchases, attempts to purchase, solicits for purchase, mails, ships, imports, exports, produces blank certificates of receipt for, manufactures, sells, attempts to sell, advertises for sale, trades, barters, or exchanges for anything of value any decoration or medal authorized by Congress for the armed forces of the United States, or any of the service medals or badges awarded to the members of such forces, or the ribbon, button, or rosette of any such badge, decoration or medal, or any colorable imitation thereof, except when authorized under regulations made pursuant to law, shall be fined under this title or imprisoned not more than six months, or both.

(b) *False claims about receipt of military decorations or medals*. Whoever falsely represents himself or herself, verbally or in writing, to have been awarded any decoration or medal authorized by Congress for the Armed Forces of the United States, any of the service medals or badges awarded to the members of such forces, the ribbon, button, or rosette of any such badge, decoration, or medal, or any colorable imitation of such item shall be fined under this title, imprisoned not more than six months, or both.

Enhanced penalties apply to violations involving certain medals, including the Purple Heart. *Id.* § 704(c), (d).

**[1]** Defendant pleaded guilty to the portion of subsection (a) that criminalizes the act of "knowingly wear[ing]" a medal: "Whoever knowingly wears . . . any decoration or medal authorized by Congress for the armed forces of the United States . . . or any colorable imitation thereof, except when authorized under regulations made pursuant to law," is guilty of a crime.[1] *Id.* § 704(a). Defendant does not argue that his conduct—intentionally wearing a fraudulently obtained medal—deserves First Amendment protection. That is, he does not challenge the statute as applied to him. Instead, he brings a facial First Amendment challenge to the statute. He argues that, on its face, the statute is overbroad.[2]

"The first step in overbreadth analysis is to construe the challenged statute; it is impossible to determine whether a statute reaches too far without first knowing what the statute covers." *Williams*, 553 U.S. at 293. The challenged statute states: "Whoever knowingly wears . . . any decoration or medal authorized by Congress for the armed forces of the United States . . . or any colorable imitation thereof, except

---

[1]We emphasize that we interpret only the "knowingly wears" portion of § 704(a). We do not address the other actions criminalized by the statute, such as the unauthorized importing, selling, or manufacturing of medals.

[2]Defendant also brings a facial vagueness challenge. But the statute is not vague: It prohibits anyone from knowingly wearing a military medal if he or she lacks authorization to wear it. The statute "provide[s] a person of ordinary intelligence fair notice of what is prohibited." *United States v. Williams*, 553 U.S. 285, 304 (2008).

Defendant's only argument on this point is that the district courts and the government have expressed varying views "regarding how a person obtains authorization to wear a medal pursuant to § 704." Assuming that there is ambiguity as to how to request authorization, that does not render the criminal provision vague or ambiguous. Even if there is uncertainty concerning how one *could* obtain authorization, the statute makes clear that a person who has *not received* authorization may not wear a medal. Defendant does not assert, and cannot assert, that a class of persons exists who are uncertain whether the authorization that they have received is valid; Defendant's arguments all concern persons who have not received any authorization at all. The statute is not vague with respect to them.

when authorized under regulations made pursuant to law," is guilty of a crime. 18 U.S.C. § 704(a). By its terms, anyone who "knowingly wears" a military medal or "colorable imitation thereof" has committed a crime, "except when authorized under regulations made pursuant to law." *Id.*

**[2]** The parties have directed us to very few regulations authorizing the wearing of medals. Under those regulations, the valid recipient of a military medal is the only person who may wear the medal. *See, e.g.*, 32 C.F.R. § 507.12(a) ("The wearing of any decoration, service medal, badge, service ribbon, lapel button, or insignia prescribed or authorized by the Department of the Army and the Department of the Air Force *by any person not properly authorized to wear such device . . . is prohibited.*" (emphasis added)); Army Regulation 670-1, *available at* http://www.apd.army.mil/pdffiles/r670_1.pdf, Rule 1-4(d) ("[N]o person except a member of the U.S. Army may wear the uniform, or a distinctive part of the uniform of the U.S. Army unless otherwise authorized by law."). To our knowledge, there are no regulations permitting any person other than the valid recipient to wear a military medal in any circumstances.

Defendant asserts, then, that any person other than the valid recipient who wears a military medal, or a colorable imitation thereof, is guilty of a crime, regardless of context or circumstances. From that premise, Defendant and amicus provide a long list of examples of conduct that one typically thinks of as harmless or protected speech, but that would constitute a crime under Defendant's reading of the statute. For instance, under that reading, the following persons have committed a crime: Actors who have worn military medals (or colorable imitations) in films or other theatrical productions; schoolchildren who have worn medals given to them by soldiers; grieving spouses or parents who have worn medals at military funerals; grandchildren who have worn their grandparents' medals in Veterans Day parades; children and adults who have worn medals (or colorable imitations) to Halloween cos-

tume parties; others who may have worn medals as part of other artistic expression, such as a hypothetical band called "The Purple Hearts"; others who have worn them simply as a fashion statement or because they like the way the medals look; a metal-worker who created a replica of a Silver Star in the privacy of his workshop, put it on, and then immediately melted it down; and a protestor who has dressed up like a Guantanamo prisoner and, to make a political statement, wore a friend's medal. Defendant argues that those examples render the statute overbroad under the "second type of facial challenge" recognized by the Supreme Court in the First Amendment context, "whereby a law may be invalidated as overbroad if a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *United States v. Stevens*, 130 S. Ct. 1577, 1587 (2010) (internal quotation marks omitted).

The statute could be read as broadly as Defendant suggests. We agree with Defendant that such a broad statute might raise serious constitutional concerns. *See id.* (holding that a federal law criminalizing the possession of animal cruelty videos and photographs was facially overbroad because the statute "applies to common depictions of ordinary and lawful activities, and that these depictions constitute the vast majority of materials subject to the statute"). Because Defendant's reading raises a "serious doubt" as to the statute's constitutionality, we must "first ascertain whether a construction of the statute is fairly possible by which the question may be avoided." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001) (internal quotation marks omitted).

[3] Whether as a matter of pure statutory interpretation, constitutional avoidance, or both, we disagree with Defendant's expansive reading of the statute. In our view, Congress intended to criminalize the unauthorized wearing of medals only when the wearer *intends to deceive*. We draw our conclusion from the fact that the statute requires that a person "*knowingly* wear[ ]" a medal "*or any colorable imitation*

*thereof.*" 18 U.S.C. § 704(a) (emphases added). Read in context, it is clear that Congress sought to prevent the *deceptive* use of military medals. The statute does not aim to preserve only the correct use of valid military medals, that is, the physical objects sanctioned by the government. By prohibiting the wearing of a colorable imitation and by including a scienter requirement, Congress made clear that deception was its targeted harm. *See United States v. Goeltz*, 513 F.2d 193, 197 (10th Cir. 1975) (interpreting the very similarly worded provision at 18 U.S.C. § 701, which criminalizes unauthorized possession of government identifications or colorable imitations thereof,[3] and holding that "[t]he enactment of § 701 was intended to protect the public against the use of a recognizable assertion of authority *with intent to deceive*" (emphasis added)); *see also United States v. Roe*, 575 F. Supp. 2d 690, 692 (D. Md. 2008) (stating that the government itself advanced the position that § 701 requires an intent to deceive, but not reaching the issue). Accordingly, we hold that a person violates the unauthorized wearing portion of 18 U.S.C. § 704(a) only if he or she has an intent to deceive.

**[4]** Because the statute requires an intent to deceive, the examples listed above do not fall within the scope of the statute. For instance, because the grieving widow, the proud grandchild, the actor on stage, and the protestor lack an intent to deceive, the wearing of the medals in those circumstances does not fall within the criminal statute. Accordingly, Defendant's facial overbreadth challenge fails.

---

[3]Section 701 states: "Whoever . . . possesses any badge, identification card, or other insignia, of the design prescribed by the head of any department or agency of the United States for use by any officer or employee thereof, or any colorable imitation thereof, . . . except as authorized under regulations made pursuant to law" is guilty of a crime.

Section 704(a) states: "Whoever knowingly wears . . . any decoration or medal authorized by Congress for the armed forces of the United States, . . . or any colorable imitation thereof, except when authorized under regulations made pursuant to law," is guilty of a crime.

Defendant also argues that our recent decision in *United States v. Alvarez*, 617 F.3d 1198 (9th Cir. 2010), *petition for cert. filed*, 80 U.S.L.W. 3098 (U.S. Aug. 18, 2011) (No. 11-210), compels us to conclude that § 704(a) is facially invalid. In *Alvarez*, we considered the constitutionality of § 704(b), which criminalizes false statements about the receipt of military decorations or medals. We began by recognizing that the case concerned pure speech. *See id.* at 1202 (holding that "[t]he Act is plainly a content-based regulation of speech," because the Act regulates "only words . . . about a specific subject: military honors" (internal quotation marks, ellipsis, and citation omitted)). The government did not challenge that conclusion but argued, instead, that false statements are not protected by the First Amendment. *Id.* at 1202-03. According to the government and the dissent, false statements are not protected by the First Amendment except in certain narrow categories not implicated by the facts of that case. *See id.* at 1231 (Bybee, J., dissenting). The majority rejected that view. In its view, "we presumptively protect *all* speech against government interference, leaving it to the government to demonstrate, either through a well-crafted statute or case-specific application, the historical basis for or a compelling need to remove some speech from protection." *Id.* at 1205 (majority opinion).

The majority then surveyed the historical categories of exclusion from First Amendment protection and found that the defendant's statement did not fall into any category. *Id.* at 1206-14. The majority held that defamation lacks constitutional protection because of the existence of elements beyond mere falsity, namely, publicity and harm to a victim. *Id.* at 1210. Similarly, "impersonation statutes are drafted to apply narrowly to conduct performed in order to obtain, at a cost to another, a benefit to which one is not entitled." *Id.* at 1212 (citing 18 U.S.C. § 912). "Unlike [certain] uncontroversial criminal laws, however, [§ 704(b)] makes criminal the speech itself *regardless of any defining context* that assures us the law targets legitimately criminal conduct." *Id.* at 1213.

Our decision in *Alvarez* under § 704(b) does not control the question whether § 704(a) is facially overbroad. The starting point for our analysis in *Alvarez* was the recognition that § 704(b) criminalizes *pure speech*. The critical part of the reasoning was that § 704(b) "makes criminal the speech itself *regardless of any defining context*." *Id.* We also found it important that § 704(b) lacks "a scienter requirement to limit the Act's application." *Id.* at 1209.

**[5]** By contrast, here, Defendant effectively argues that the First Amendment protects the fraudster's *knowingly fraudulent activity*: knowingly wearing a military medal without authorization and with intent to deceive. Whereas § 704(b) criminalizes pure speech, § 704(a) criminalizes certain specified activities[4] limited by a scienter requirement. Even if we assume that the intentionally deceptive wearing of a medal contains an expressive element—the false statement that "I received a medal"—the distinction between pure speech and conduct that has an expressive element separates this case from *Alvarez*. Indeed, in *Alvarez*, we carefully explained that, while false speech alone is protected by the First Amendment, fraud and impersonation statutes are constitutional because they contain elements "that assure[ ] us [that] the law targets legitimately criminal conduct." *Id.* at 1213. We have no trouble concluding that wearing a military medal with an intent to deceive is engaging in legitimately criminal conduct. Indeed, Defendant did not preserve or bring to us for decision an as-applied challenge to his conviction, most likely in recognition that his own fraudulent activities do not deserve First Amendment protection. In conclusion, we reject Defendant's argument that our recent decision in *Alvarez* dictates that § 704(a) is unconstitutional.

By contrast, Supreme Court precedent strongly suggests

---

[4]We note that most of the activities banned in § 704(a) are not expressive, for example, buying and selling military medals and manufacturing replicas.

that § 704(a) survives First Amendment scrutiny. In *Schacht v. United States*, 398 U.S. 58 (1970), the Supreme Court addressed a constitutional challenge to 18 U.S.C. § 702, which bars the unauthorized wearing of military uniforms. The Court held that an implementing regulation that permitted actors to wear uniforms only if they did not criticize the government was unconstitutional. *Id.* at 63. But the Court began its analysis by noting that "[o]ur previous cases would seem to make it clear that 18 U.S.C. § 702, making it an offense to wear our military uniforms without authority is, standing alone, a valid statute on its face." *Id.* at 61 (citing *United States v. O'Brien*, 391 U.S. 367 (1968)).

Defendant here does not challenge an implementing regulation, as the defendant in *Schacht* had. Instead, Defendant challenges § 704(a) on its face. The Supreme Court's dictum concerning § 702 strongly suggests that, like that statute, § 704(a) "is, standing alone, a valid statute on its face." *Id.*; *see Coeur d'Alene Tribe of Idaho v. Hammond*, 384 F.3d 674, 683 (9th Cir. 2004) ("[O]ur precedent requires that we give great weight to dicta of the Supreme Court.").

**[6]** Under *O'Brien*, "a government regulation is sufficiently justified if it is within the constitutional power of the Government; if it furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest." 391 U.S. at 377. Defendant does not dispute that the regulation of military medals is within the power of the government. And we recently held in *Alvarez* that the government has a compelling interest in "preserving the integrity of its system of honoring our military men and women for their service and, at times, their sacrifice." 617 F.3d at 1216. The government similarly has a compelling interest in preventing the intentionally deceptive wearing of medals. Those interests are unrelated to the suppression of free expression because, unlike the imple-

menting regulation at issue in *Schacht*, § 704(a) does not prevent the expression of any particular message or viewpoint. Instead, § 704(a) promotes compelling governmental interests by barring fraudulent conduct.

**[7]** The final prong of the *O'Brien* test asks whether "the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest." 391 U.S. at 377. The Court has explained more recently that " 'an incidental burden on speech is no greater than is essential, and therefore is permissible under *O'Brien*, so long as the neutral regulation promotes a substantial government interest that would be achieved less effectively absent the regulation.' " *Rumsfeld v. Forum for Academic & Inst'l Rights, Inc.*, 547 U.S. 47, 67 (2006) (quoting *United States v. Albertini*, 472 U.S. 675, 689 (1985)). Here, that test is met because, even if § 704(a) is not the most effective mechanism, in at least some measure it promotes the goals of maintaining the integrity of the military's medals and preventing the fraudulent wearing of military medals.

**[8]** We therefore reject Defendant's facial First Amendment challenge to 18 U.S.C. § 704(a).

AFFIRMED.