**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, <br><br> v. <br><br> SUSAN TOMSHA-MIGUEL, *Defendant-Appellant*. | No. 13-10342 <br><br> D.C. No. 1:12-cr-00153-LJO-SKO-1 <br><br> OPINION |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted
May 14, 2014—San Francisco, California

Filed September 4, 2014

Before: Susan P. Graber, William A. Fletcher,
and Richard A. Paez, Circuit Judges.

Opinion by Judge Paez;
Dissent by Judge W. Fletcher

## SUMMARY[*]

### Criminal Law

The panel affirmed a conviction for impersonating an officer or employee of the United States in violation of 18 U.S.C. § 912, in a case in which the defendant, the proprietor of a tax services business center, in an attempt to assuage the concerns of a client, prepared a letter responding to her client's tax problems using the letterhead of a United States Representative, signed the letter on behalf of a fictional congressional aide, and faxed the letter to the client from her fax machine.

The panel rejected the defendant's contention that there was insufficient evidence to support her conviction. The panel held that a jury could reasonably conclude that the defendant's actions (1) constituted an effort to "assume to act in the pretended character" and amounted to impersonation of a federal officer or employee, and (2) were "consistent with the assumed character" of a government official and in furtherance of the impersonation.

The panel held that the prosecutor's comments at trial were not improper and did not meet the plain error standard.

Rejecting the defendant's contention that § 912 is an unconstitutional restriction on speech, the panel applied intermediate, rather than strict, scrutiny because § 912 criminalizes conduct with "an expressive element" as distinct

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

from pure speech. The panel held that because it promotes the goals of governmental integrity and maintaining the good repute of governmental service, § 912 survives intermediate scrutiny. The panel rejected the defendant's contention that § 912 is facially overbroad.

Because the government need not establish an intent to defraud as a separate element of a § 912 offense, the panel held that the district court did not err in denying the defendant's motion to dismiss the indictment for failure to allege such intent, nor in preventing her from raising her lack of intent to defraud as an affirmative defense.

Dissenting, Judge W. Fletcher would hold that the defendant did not assume or pretend to be a federal employee.

## COUNSEL

Heather Williams, Federal Public Defender, and Jeremy S. Kroger, Assistant Federal Public Defender (argued), Fresno, California, for Defendant-Appellant.

Edward P. Sullivan, Trial Attorney, United States Department of Justice (argued), Mythili Raman, Acting Assistant Attorney General, Jack. L. Smith, Section Chief Counsel-Public Integrity Section, Barak Cohen, Trial Attorney, Public Integrity Section for the United States Department of Justice; Washington D.C., for Plaintiff-Appellee.

## OPINION

PAEZ, Circuit Judge:

Susan Tomsha-Miguel ("Tomsha-Miguel") is the proprietor of a small tax services business in Atwater, California. In early 2011, in an attempt to assuage the concerns of one of her long-time clients, Tomsha-Miguel prepared a letter responding to her client's tax problems using the formal letterhead of a United States Representative. Tomsha-Miguel then signed the letter on behalf of a fictional congressional aide and faxed the letter to the client from her fax machine. Her misguided actions were ultimately discovered when the client sought additional information concerning the letter from the congressman's office, and she was subsequently charged, and ultimately convicted, of impersonating an officer or employee of the United States in violation of 18 U.S.C. § 912.

In this appeal, Tomsha-Miguel challenges her conviction on several grounds. She contends that there was insufficient evidence to convict her under § 912 because the government did not show that she committed an act consistent with the assumed impersonation. Additionally, she argues that prosecutorial misconduct occurred during trial and that the statute as written is an unconstitutional restriction on free speech. Finally, Tomsha-Miguel argues that the district court erred in denying her motion to dismiss the indictment for failure to allege intent to defraud and in denying her request to raise an affirmative defense of a lack of intent to defraud. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I.

The evidence at trial established that Tomsha-Miguel owned a small business in Atwater, California, where she provided bookkeeping and tax services to local businesses.[1] In early 2011, one of Tomsha-Miguel's clients, Juan Garcia ("Garcia") sought her assistance in resolving a tax dispute with the Internal Revenue Service ("IRS"). In March 2011, Tomsha-Miguel contacted former Congressman Dennis A. Cardoza's office and requested that the Congressman contact the IRS on behalf of Garcia to resolve the dispute. Congressman Cardoza's office offered to assist, but asked that Garcia complete a privacy release form. The Congressman's office promptly faxed the form, which was printed below Congressman Cardoza's official letterhead, to Tomsha-Miguel.

Tomsha-Miguel did not return the release form. Instead, she photocopied Congressman Cardoza's letterhead onto a letter that she drafted, and signed, under the fictional name of William G. Darton, "Aide to Congressman Dennis A. Cardoza." The letter was addressed as follows:

April 7, 2011

Sundown RV Center, LLC
Juan H. Garcia, Managing Member

c/o Susan R. Tomsha-Miguel, EA
Fax: 209-357-0663

---

[1] We take the evidence in the light most favorable to the government. *See United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc).

Re:    IRS situation

Dear Ms. Tomsha-Miguel,

The letter proceeded to explain that Garcia's tax dispute was under investigation by the Philadelphia Campus Director of the Taxpayer Advocate Services and, although the Director was in Washington, D.C., upon his return to Philadelphia, it would be the office's "number one priority." Tomsha-Miguel faxed the fraudulent letter to Garcia.

In April 2011, Garcia contacted Congressman Cardoza's office seeking information concerning the letter he had received. After obtaining a copy of the letter, Congressman Cardoza's office informed Garcia that the letter was fraudulent. They then contacted the Federal Bureau of Investigation ("FBI"). The FBI interviewed Tomsha-Miguel about her involvement with the letter. Although she initially claimed that she had received the letter from Congressman Cardoza's office, she later admitted to photocopying the letterhead and drafting and signing the letter herself.

In May 2012, a grand jury indicted Tomsha-Miguel on one count of 18 U.S.C. § 912, impersonating an officer or employee of the United States. Tomsha-Miguel filed a motion to dismiss the indictment on the grounds that: (1) § 912 was facially invalid because it violated the First Amendment, and (2) the indictment failed to allege the requisite element of intent to defraud. The district court denied the motion and the case proceeded to trial before a jury. At trial, Tomsha-Miguel sought leave to raise the affirmative defense of lack of intent to defraud, but was denied. After the close of evidence, Tomsha-Miguel moved for a judgment of acquittal under Federal Rule of Criminal

Procedure 29. The court denied the motion. The jury subsequently returned a verdict of guilty, after which the court sentenced Tomsha-Miguel to one year of probation and fifty hours of community service. Tomsha-Miguel timely appealed.

## II.

## A.

We turn first to Tomsha-Miguel's argument that the evidence presented by the government at trial was insufficient to support her conviction under § 912.[2] In considering a challenge to the sufficiency of the evidence, "we are obliged to construe the evidence 'in the light most favorable to the prosecution,' and only then determine whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Nevils*, 598 F.3d at 1161 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Section 912 provides,

> Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or office thereof, and acts as such, or in such pretended character demands or obtains any money, paper, document, or thing of value, shall be fined

---

[2] We review de novo the district court's denial of the motion for judgment of acquittal. *United States v. Johnson*, 444 F.3d 1026, 1029 (9th Cir. 2006).

> under this title or imprisoned not more than
> three years, or both.

The statute thus sets forth two distinct offenses; the first where the defendant "assumes or pretends to be an officer or employee acting under the authority of the United States . . . and acts as such," and the second where the defendant "in such pretended character demands or obtains any money, paper, document, or thing of value."  18 U.S.C. § 912; *see also United States v. Mitman*, 459 F.2d 451, 453 (9th Cir. 1972); Ninth Circuit Model Jury Instructions 8.50.  Tomsha-Miguel was convicted of the first crime, which has two elements: the impersonation of an officer or employee and acting "as such."  Tomsha-Miguel argues that the government wholly failed to prove either of these elements.  She first contends that her conduct does not satisfy the first element because the forged letter was prepared "in care of" Tomsha-Miguel and "a person cannot pretend *to herself* that she is a federal employee."

Impersonation occurs when any person "assume[s] to act in the pretended character" of a government official. *United States v. Lepowitch*, 318 U.S. 702, 704 (1943) (internal quotation marks omitted).  "The most general allegation of impersonation of a government official" is sufficient under § 912.  *Id.*  Here, Tomsha-Miguel crafted a fraudulent letter when she prepared it on behalf of "William G. Darton," the fictional "Aide to Congressman Dennis A. Cardoza;" signed the letter on behalf of the fictional aide; and copied the official letterhead of Congressman Cardoza's office into the letter.  The substance of the letter also related steps that the Congressman's office had purportedly taken on behalf of Tomsha-Miguel's client.  In light of these facts, a jury could reasonably conclude that these actions constituted an effort to

"assume to act in the pretended character" and amounted to impersonation of a federal officer or employee.

### B.

Tomsha-Miguel also argues that, even if the jury could find that her actions met the impersonation element under the first part of § 912, the government failed to present sufficient evidence to show that she "acted as such," as further required by the statute.  According to Tomsha-Miguel, after fabricating the letter from William G. Darton, she took no further action on behalf of the fictional aide.  This is so, she argues, because although Garcia was the addressee, the letter was addressed to herself ("Dear Ms. Tomsha-Miguel") and was sent to Garcia in care of ("c/o") herself.  Further, after preparing the letter, she faxed the letter to Garcia as if she were sharing with her client a letter that she had received from the Congressman's office.  Tomsha-Miguel contends that these facts are insufficient to satisfy the "acting as such" element of § 912.

We have not previously addressed the precise issue presented by this case.  Our sister circuits, however, have generally agreed that § 912 requires only that the government show "any overt act consistent with the assumed character." *United States v. Cohen*, 631 F.2d 1223, 1224 (5th Cir. 1980). Although a defendant must engage in actions that go beyond "mere bravado," *United States v. Robbins*, 613 F.2d 688, 692 (8th Cir. 1979), it is sufficient to show that the defendant "falsely assumed and pretended" and committed an act in keeping with that assumed character, *Cohen*, 631 F.2d at 1124; *see also United States v. Gayle*, 967 F.2d 483, 487 (11th Cir. 1992) (en banc) (adopting the *Cohen* standard). Thus, in *Cohen*, the Fifth Circuit held that an indictment

alleging that Cohen impersonated a deputy attorney general, and acted as such when he signed into a federal penitentiary as the impersonated official, was sufficient to allege a violation of § 912. *Cohen*, 631 F.2d at 1224. Similarly, in *Gayle*, the Eleventh Circuit held that it was sufficient to show, under § 912, that Gayle and his codefendant pretended to be officers of the FBI and "acted as such in that they held themselves out to be FBI agents." *Gayle*, 967 F.2d at 488.

Here, Tomsha-Miguel falsely assumed the role of a fictional congressional aide—William G. Darton—when she prepared a fraudulent letter and then signed it in his name. She then faxed the letter to her client, Garcia, in order to effectuate the impersonation and convince Garcia that the Congressman's office was seeking to resolve his tax dispute with the IRS. In light of these facts, a reasonable jury could conclude that Tomsha-Miguel's actions were "consistent with the assumed character" of a government official, and in furtherance of the impersonation, when she transmitted the fraudulent letter to Garcia. *See Cohen*, 631 F.2d at 1224. Accordingly, the district court did not err in denying Tomsha-Miguel's motion for judgment of acquittal. *See Nevils*, 598 F.3d at 1161; *see also United States v. Nyemaster*, 116 F.3d 827, 828 (9th Cir. 1997) (explaining that upon review of a judgment of acquittal we will "affirm if any rational factfinder could find the essential elements of the crime beyond a reasonable doubt").

### III.

Tomsha-Miguel next argues that her conviction should be vacated because the government committed misconduct when the prosecutor improperly focused the jury's attention on the social ramifications of Tomsha-Miguel's actions and

encouraged jurors to disregard defense counsel's arguments. Tomsha-Miguel refers to three specific instances of allegedly improper comments by the prosecutor. First, during his opening statement, the prosecutor stated,"imagine what happens if people have to doubt who those letters or phone calls come from. You have to worry if the letters or phone calls come from an imposter." Second, during closing argument the prosecutor cautioned, "when people can't trust and rely on communications from government, whether we're talking about police officers or federal judges or courthouses or aides to Congressmen . . . then people stop paying attention to them and then government can't do the job that it's supposed to do." Third, during his rebuttal, the prosecutor reminded jurors, "I warned you I don't know what the defense lawyer is going to say when he gets his chance to talk to you, but he might try to distract you . . . . Well, he's trying to distract you. He's trying to confuse you."

Because Tomsha-Miguel did not object to the government's comments at trial, we review these claims for plain error. *United States v. Sanchez*, 659 F.3d 1252, 1256 (9th Cir. 2011). Plain error review requires that

> (1) "there must be an error defect . . . that has not been . . . affirmatively waived[] by the appellant"; (2) "the legal error must be clear or obvious, rather than subject to reasonable dispute"; (3) "the error must have affected the appellant's substantial rights"; and (4) "if the above three prongs are satisfied, the court of appeals has the discretion to remedy the error . . . if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."

*United States v. Mageno*, No. 12-10474, 2014 WL 3893792, at \* 5 (9th Cir. Aug. 11, 2014) (alterations in original) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

We have recognized that a  prosecutor "may not urge jurors to convict a criminal defendant in order to protect community values, preserve civil order, or deter future lawbreaking." *United States v. Nobari*, 574 F.3d 1065, 1076 (9th Cir. 2009) (internal quotation marks omitted). Likewise, a prosecutor may not "distort" the trial process by leading the jury to believe that defense counsel is dishonest. *United States v. Rodrigues*, 159 F.3d 439, 457 (9th Cir. 1998). Thus, in *Sanchez*, we held that it was improper for a prosecutor to caution jurors that their acceptance of a duress defense would "send a memo" to drug traffickers that threats of violence were acceptable. 659 F.3d at 1256. Similarly, in *United States v. Matthews*, we held that a prosecutor's comment that the defense attorney was like an "octopus squirting ink," crossed the line of professionalism, although it was not plain error. 240 F.3d 806, 819 (9th Cir. 2001), *adopted in relevant part*, 278 F.3d 980 (9th Cir. 2002) (en banc). Here, however, the prosecutor's comments were well "within normal bounds of advocacy" and did not prejudice Tomsha-Miguel nor render her trial fundamentally unfair. *United States v. Del Toro-Barboza*, 673 F.3d 1136, 1152 (9th Cir. 2012). Accordingly, the prosecutor's comments were not improper and certainly do not meet the plain error standard. *See Sanchez*, 659 F.3d at 1256.

## IV.

Tomsha-Miguel also raises a constitutional challenge to § 912, arguing that the district court should have granted her motion to dismiss the indictment because the statute is an

unconstitutional content-based restriction on speech. We review de novo the district court's denial of a motion to dismiss the indictment. *United States v. Caruto*, 663 F.3d 394, 397 (9th Cir. 2011).

Tomsha-Miguel contends that § 912 does not survive strict scrutiny because it does not serve a compelling government interest, is not narrowly tailored, and is facially overbroad. We disagree. Although the constitutionality of § 912 is a matter of first impression for this court, the Supreme Court's dictum in *United States v. Alvarez*, 132 S. Ct. 2537 (2012) (plurality opinion), provides guidance. In *Alvarez*, the Supreme Court addressed the constitutionality of the Stolen Valor Act under the First Amendment and held that the statute was an invalid content-based regulation of speech. *Id*. at 2543. However, in so concluding, the plurality opinion noted that statutes that prohibit false speech in order to "protect the integrity of Government processes" and "maintain the general good repute and dignity of government service itself," including § 912, were permissible restrictions on free speech. *Id.* at 2546 (internal quotation marks and ellipses omitted). Likewise, Justice Breyer's concurring opinion and Justice Alito's dissent also noted that § 912 was a constitutional restriction on free speech. *Id.* at 2554 (Breyer, J. concurring); *id.* at 2562 (Alito, J., dissenting). We accord "great weight" to the statements in *Alvarez* that § 912 is a permissible restriction on free speech. *See Coeur D'Alene Tribe of Idaho v. Hammond*, 384 F.3d 674, 683 (9th Cir. 2004). Nonetheless, we recognize that § 912 was not at issue in *Alvarez*, so we undertake our own analysis of whether § 912 is an impermissible restriction under the First Amendment.

Because § 912 criminalizes conduct with "an expressive element," as distinct from pure speech, we apply intermediate scrutiny to determine the constitutionality of the statute. *See United States v. Perelman*, 695 F.3d 866, 871–72 (9th Cir. 2012) (applying intermediate scrutiny to 18 U.S.C. § 704(a), which prohibited the wearing of false military medals, an action this court also deemed to be expressive conduct). Under intermediate scrutiny, a government regulation "is sufficiently justified" if it "is within the constitutional power of the Government; if it furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest." *United States v. O'Brien*, 391 U.S. 367, 377 (1968).

As *Alvarez* made clear, the government has the constitutional power to prohibit the impersonation of federal officials and employees, and that prohibition serves the substantial government interests of "protect[ing] the integrity of Government processes," and "maintaining the general good repute and dignity of . . . government . . . service itself." 132 S. Ct. at 2546 (internal quotation marks and citations omitted). These interests are also unrelated to the suppression of free expression, because § 912 "does not prevent the expression of any particular message or viewpoint." *See Perelman*, 695 F.3d at 872. Rather, the government's interests are concerned solely with the act of impersonation itself, not the content of the impersonation.

As to the final prong of the *O'Brien* test, the Supreme Court has explained that "an incidental burden on speech is no greater than is essential, and therefore is permissible under

*O'Brien*, so long as the neutral regulation promotes a substantial government interest that would be achieved less effectively absent the regulation." *Rumsfeld v. Forum for Academic & Inst'l Rights, Inc.*, 547 U.S. 47, 67 (2006) (internal quotation marks omitted). In *Perelman*, we held that that test was met where the statute "in at least some measure" promotes the underlying governmental interests, even if it "is not the most effective mechanism." 695 F.3d at 873. Here, § 912 promotes the goals of governmental integrity and maintaining the good repute of governmental service by prohibiting the false impersonation of government officials. Accordingly, § 912 survives intermediate scrutiny.[3]

Tomsha-Miguel also argues that § 912 is facially overbroad because it results in the prohibition of a wide spectrum of innocent speech, including political parodies, theatrical performances, and student mock government exercises. A statute is overbroad "if a substantial number of its applications are unconstitutional, judged in relation to a statute's plainly legitimate sweep." *United States v. Stevens*, 130 S. Ct. 1577, 1587 (2010) (internal quotation marks omitted). "The overbreadth claimant bears the burden of demonstrating, from the text of the law and from actual fact, that substantial overbreadth exists." *Virginia v. Hicks*, 539 U.S. 113, 122 (2003) (internal quotation marks and brackets omitted).

---

[3] Tomsha-Miguel argues that § 912 is a content-based restriction on speech that should be subject to strict scrutiny. For reasons explained in the text, intermediate scrutiny is the appropriate standard of review. However, even were we to apply strict scrutiny, § 912 is still a constitutional restriction on speech as it is justified by a compelling governmental interest in the integrity of government processes and it is narrowly tailored to address only intentionally deceptive conduct. *See Brown v. Entm't Merchs. Ass'n*, 131 S. Ct. 2729, 2738 (2011).

We do not interpret § 912 to reach as broadly as Tomsha-Miguel contends.   Because § 912's statutory elements incorporate an intent to deceive, the statute reaches only those acts that are intentionally deceptive. *See Lepowitch*, 318 U.S. at 704 (holding that the elements of § 912 implicitly incorporate an intent to defraud).   We held similarly in *Perelman*, when we noted that § 912 was an example of a statute encompassing "a narrow range of conduct" limited to "intentionally deceptive acts."   695 F.3d at 871; *see infra* Section V.  Accordingly, § 912 does not reach the "innocent" speech that Tomsha-Miguel identifies.    Tomsha-Miguel concedes that "[i]f the statute contains this [intentionally deceptive] restriction, then intermediate scrutiny should be applied, the statute is not overbroad, and its applications comport with the requirements of the First Amendment."  We hold that § 912 is a constitutionally permissible restriction on free speech.

## V.

Finally, Tomsha-Miguel argues that the district court erred in denying her motion to dismiss the indictment for failure to allege intent to defraud, and that the district court should have allowed her to raise the issue as an affirmative defense at trial.  We review de novo a challenge to the legal sufficiency of an indictment. *Caruto*, 663 F.3d at 397; *United States v. Gurolla*, 333 F.3d 944, 951 n.8 (9th Cir. 2003).

Prior to 1948, the offense of falsely impersonating a federal official required a showing of an intent to defraud, by providing that, "[w]hoever with intent to defraud either the United States or any person engaged in an act of impersonation, shall be guilty of a felony."  18 U.S.C. § 76 (1940).  In 1948, however, the statute was recodified and

amended to its present form, which does not include any reference to an "intent to defraud." 18 U.S.C. § 912. The Reviser's Notes to the amendment explain that the words "with intent to defraud" were omitted as meaningless in light of *Lepowitch.* 18 U.S.C. § 912 Reviser's Note (citing *Lepowitch*, 318 U.S. at 704). In *Lepowitch*, the Supreme Court considered an indictment under § 912 that did not allege acting with intent to defraud. 318 U.S. at 703. The Court held that the indictment was sufficient, concluding that "the words 'intent to defraud' in the context of this statute, do not require more than that the defendants have, by artifice and deceit, sought to cause the deceived person to follow some course he would not have pursued but for the deceitful conduct." *Id.* at 704. Accordingly, we have held that an indictment is no longer required to allege an intent to defraud, as reiteration of the elements of § 912 is sufficient to fully inform the defendant of the crime of which he was charged. *United States v. Mitman*, 459 F.2d 451, 453 (9th Cir. 1972). We have also held that a defendant is not entitled to raise an affirmative defense of lack of intent to defraud under § 912 because "an intent to defraud is not a separate element of 18 U.S.C. § 912" and, thus, the affirmative defense is "irrelevant because it does not negate any of the elements of [§] 912." *United States v. Bushrod*, 763 F.2d 1051, 1053 (9th Cir. 1985) (per curiam).

Tomsha-Miguel's argument that this approach is inconsistent with the case law of our sister circuits is unavailing; the majority of our sister circuits have also held that the government need not establish an intent to defraud as a separate element of a § 912 offense. *See United States v. Wilkes*, 732 F.2d 1154 (3d Cir. 1984); *United States v. Cord*, 654 F.2d 490 (7th Cir. 1981); *United States v. Rosser*, 528 F.2d 652 (D.C. Cir. 1976); *United States v. Rose*,

500 F.2d 12 (2d Cir. 1974); *United States v. Guthrie*, 387 F.2d 569 (4th Cir. 1967). We therefore hold that the district court did not err in denying the motion to dismiss the indictment, nor in preventing Tomsha-Miguel from raising her lack of intent to defraud as an affirmative defense.

**AFFIRMED.**

W. FLETCHER, Circuit Judge, dissenting:

I respectfully dissent.

Ms. Tomsha-Miguel was convicted of violating 18 U.S.C. § 912, which provides, in relevant part:

> Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States . . . and acts as such . . . shall be fined . . . or imprisoned[.]

The central question in this case is whether Ms. Tomsha-Miguel falsely assumed or pretended to be a federal employee. I would hold that Ms. Tomsha-Miguel did not do so.

It is undisputed that Ms. Tomsha-Miguel wrote a letter to herself using the letterhead of Congressman Cardoza and signed the letter using the name William Darton, a nonexistent aide to Congressman Cardoza. She then sent the letter to her client, pretending that she had contacted Congressman Cardoza's office and that William Darton had written the letter to her.

Ms. Tomsha-Miguel performed two acts, neither of which qualifies as assuming or pretending to be William Darton. First, she wrote a letter to herself using the name of the fictitious aide Darton. In so doing, she did not assume or pretend to herself, or to anyone else, that she was Darton. Second, she sent the letter to her client, pretending that she had contacted Darton and that Darton had written the letter to her. In so doing, she did not assume or pretend to herself, or to her client, that she was Darton.