NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50374 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00706-RGK-2 |
| v. | |
| PHILLIP LAURENCE COOPER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted September 1, 2015
Pasadena, California

Before:    **KOZINSKI**, **O'SCANNLAIN** and **BYBEE**, Circuit Judges.

**1.** The government wasn't required to "establish an intent to defraud as a separate element" in order to obtain a conviction under 18 U.S.C. § 912. United States v. Tomsha-Miguel, 766 F.3d 1041, 1050 (9th Cir. 2014). As the public authority defense would not have negated any of section 912's elements, Cooper

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

bore the burden of proof on this affirmative defense. See United States v. Doe, 705 F.3d 1134, 1146–47 (9th Cir. 2013). Because Cooper's proposed public authority instruction wasn't supported by law, the district court didn't err by rejecting it. See id. at 1144.

2. Because the government didn't separately have to prove intent to defraud, the district court properly instructed the jury on the elements of section 912. See Tomsha-Miguel, 766 F.3d at 1050. Accordingly, Cooper wasn't entitled to a good faith instruction. See United States v. Shipsey, 363 F.3d 962, 966–67 (9th Cir. 2004).

3. Cooper's motion to sever didn't demonstrate that any possible prejudice to him outweighed the interest in judicial economy. See United States v. Nolan, 700 F.2d 479, 482 (9th Cir. 1983). He failed to show that he had "important testimony" to give on Count Four and a "strong need to refrain from testifying" on Counts One and Three. Id. at 483. The district court therefore didn't abuse its discretion by denying the motion.

4. A reasonable juror could have concluded that Cooper both "pretended" to be a law enforcement officer (by driving a vehicle that said "law enforcement")

and "acted as such" (by stopping forest visitors and recording their personal information). Tomsha-Miguel, 766 F.3d at 1045–46. Accordingly, the evidence was sufficient to support the false-impersonation conviction.

**5.** There was also sufficient evidence to support the false-statement conviction because reasonable jurors could have found that Cooper made one or both of the statements that the government attributed to him. The jury could have credited the testimony of Lomvardias and Ely that Cooper said he never exited the vehicle to interact with forest visitors, or Lomvardias's testimony that Cooper said he never asked any visitor for his identification. Cooper doesn't challenge the sufficiency of the evidence on the other elements of this offense.

**AFFIRMED.**