NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    15-10138 |
| Plaintiff-Appellee, | D.C. No. 2:09-cr-00022-MMD-GWF-1 |
| v. | |
| ALAN L. RODRIGUES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted June 6, 2017[**]
Pasadena, California

Before:  GRABER, SACK,[***] and MURGUIA, Circuit Judges.

Defendant Alan Rodrigues appeals his convictions for (1) conspiracy to

defraud the United States by impairing and impeding the Internal Revenue Service

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]        The Honorable Robert D. Sack, United States Circuit Judge for the Court of Appeals for the Second Circuit, sitting by designation.

("IRS"), in violation of 18 U.S.C. § 371; (2) mail fraud, in violation of 18 U.S.C. § 1341; and (3) aiding in the preparation of materially false income tax returns, in violation of 26 U.S.C. § 7206(2). Rodrigues argues that the district court erred in denying his motion for judgment of acquittal under Federal Rule of Criminal Procedure 29. He also argues that the district court erred in denying his motion for a new trial under Rule 33(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo a defendant's challenge to the sufficiency of the evidence where, as here, the challenge was properly raised before the district court. *United States v. Pearson*, 391 F.3d 1072, 1075 (9th Cir. 2004). There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Tomsha-Miguel*, 766 F.3d 1041, 1045 (9th Cir. 2014). The district court's denial of a defendant's motion for a new trial is reviewed for an abuse of discretion. *United States v. King*, 660 F.3d 1071, 1076 (9th Cir. 2011). A motion for a new trial "should be granted only in exceptional cases in which the evidence preponderates heavily against the verdict." *United States v. Rush*, 749 F.2d 1369, 1371 (9th Cir. 1984) (internal quotation marks omitted).

To prove that Rodrigues aided in the preparation of false income tax returns, the government must establish that Rodrigues acted "willfully," that is, that Rodrigues "acted with specific intent to defraud the government in the enforcement of its tax laws." *United States v. Salerno*, 902 F.2d 1429, 1432 (9th Cir. 1990). Similarly, to prevail on the mail fraud claim, the government must prove that Rodrigues had the "specific intent to defraud." *United States v. French*, 748 F.3d 922, 935 (9th Cir. 2014). "It is settled law that intent to defraud may be established by circumstantial evidence." *United States v. Rogers*, 321 F.3d 1226, 1230 (9th Cir. 2003).

1.     Rodrigues argues that the government failed to prove beyond a reasonable doubt that he lacked a good-faith belief that his conduct related to the National Audit Defense Network's ("NADN") sale of Tax Break 2000 ("Tax Break") was lawful. However, the government presented sufficient evidence for a rational jury to find beyond a reasonable doubt that Rodrigues acted willfully and with the specific intent to defraud the IRS through his role in NADN's promotion and sale of Tax Break. The testimony of Daniel Porter, Robert Stovall, and Joseph Tigani established that Rodrigues knew that Tax Break, as marketed and sold, was a tax product offered to improperly take advantage of the disability access tax credit, and that the Tax Break program lacked economic substance. Further, testimony from Tax Break purchaser Rocky Gannon revealed that Rodrigues

personally assured Gannon that he would not have to pay back the promissory note he executed in purchasing Tax Break, which strongly suggests that Rodrigues knew the Tax Break notes were a sham. Additionally, the memorandum delivered to Rodrigues from NADN's technical department not only warned Rodrigues that the Tax Break program would not survive a challenge by the IRS because it lacked economic substance, it also expressly warned that NADN and its employees involved in the sale of Tax Break could be subjected to criminal penalties. From this evidence, a rational juror could find beyond a reasonable doubt that Rodrigues acted willfully and with the specific intent to defraud the IRS through his participation in NADN's promotion and sale of Tax Break. *See United States v. Crooks*, 804 F.2d 1441, 1448 (9th Cir. 1986) (concluding that evidence of intent to defraud the United States and willfulness were sufficiently established where the defendant knew the scheme he promoted involved transactions devoid of economic substance); *see also United States v. Schulman*, 817 F.2d 1355, 1359 (9th Cir. 1987) ("[T]he law is well settled that sham transactions are illegal."); *United States v. Clardy*, 612 F.2d 1139 (9th Cir. 1980) (affirming conviction under 28 U.S.C. § 7206 for "sham" tax deductions).

2.      Although Rodrigues does not dispute that NADN's sale of Tax Break constituted a conspiracy to defraud the United States, he argues that the government failed to meet its burden of proving that he became a member of this conspiracy.

"Once the existence of a conspiracy is established, evidence establishing beyond a reasonable doubt a connection of a defendant with the conspiracy, even though the connection is slight, is sufficient to convict him with knowing participation." *United States v. Lane*, 765 F.2d 1376, 1381 (9th Cir. 1985).

A reasonable juror could conclude that the evidence of Rodrigues' knowledge that Tax Break was a sham, coupled with the specific steps Rodrigues took to promote and sell Tax Break through NADN, showed that Rodrigues knowingly and voluntarily became a participant in the conspiracy. The evidence established that, once NADN started selling Tax Break, Rodrigues supervised its sale, including approving the sales scripts touting the tax benefits of the program. The evidence also showed that Rodrigues was knowingly involved in issuing false Forms 1099 to give the impression that the Tax Break websites were earning income, when in fact the websites lacked economic substance. This evidence came from Porter's testimony, as well as the documentary evidence showing that Rodrigues acted as the resident agent of G&J Eagle Enterprises, Inc., a shell company purporting to provide the income claimed by the false Forms 1099.

3.      The district court did not abuse its discretion in denying the motion for a new trial on the ground that the jury verdict was against the weight of the evidence. The district court permissibly concluded that Porter, the government's primary witness, was credible, and substantial evidence in the record other than

Porter's testimony supports the jury's finding that Rodrigues had the required knowledge and criminal intent. *See United States v. Alston*, 974 F.2d 1206, 1211 (9th Cir. 1982) (stating that, in deciding a motion for a new trial, the district court is permitted to "weigh the evidence and in so doing evaluate for itself the credibility of the witnesses" (internal quotation marks omitted)).

**AFFIRMED.**