**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 4 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    17-50275 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00313-MWF-1 |
| v. | |
| PEYTON JAMAR ADAMS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted November 14, 2018
Pasadena, California

Before:  GOULD and MURGUIA, Circuit Judges, and AMON,[**] District Judge.

This appeal arises from an indictment charging Peyton Adams with criminal contempt for violating the district court's no-contact order. The district court imposed the order when it revoked Adams's supervised release and sentenced him to sixteen months' incarceration, followed by eighteen months of supervised

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

release, for assaulting his then-girlfriend and mother of his child, J.B. The no-contact order prohibited Adams from contacting J.B. while incarcerated and on supervised release. While in prison, Adams called J.B. numerous times to harass and threaten her. As a result, the government charged Adams with criminal contempt for violating the no-contact order. The district court denied Adams's motion to dismiss the indictment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

A district court's denial of a motion to dismiss the indictment is reviewed *de novo*. *United States v. Tomsha-Miguel*, 766 F.3d 1041, 1048 (9th Cir. 2014) (citing *United States v. Caruto*, 663 F.3d 394, 397 (9th Cir. 2011)). Adams argues that he did not violate the no-contact order because the order did not apply to his term of imprisonment. However, at the sentencing, the district court spoke directly to Adams and ordered him not to contact J.B. "while . . . in custody . . . ." Likewise, the written judgment clearly stated that Adams was prohibited from contacting J.B. "in any manner, directly, [or indirectly] . . . including the duration [of] the period of his incarceration within the Bureau of Prisons." Thus, the district court did not err in denying Adams's motion to dismiss the criminal contempt indictment on the basis that Adams plainly violated the no-contact order while incarcerated.

Adams also argues that the no-contact order was invalid because the district court erred in exercising its power to impose the order. However, the collateral bar

rule prevents Adams from challenging the validity of the no-contact order in contempt proceedings. *In re Establishment Inspection of Hern Iron Works*, 881 F.2d 722, 725–26 (9th Cir. 1989) (court order may not be collaterally attacked in criminal contempt proceedings even though the order may be incorrect and even unconstitutional). To be sure, an order is invalid, and may be challenged in contempt proceedings, if a court issues the order without subject matter jurisdiction. *Id.* at 726. But, in this case, the court had jurisdiction over Adams's supervised release violation, which gave rise to the no-contact order. *See United States v. Murguia-Oliveros*, 421 F.3d 951, 953 (9th Cir. 2005) (citing 18 U.S.C. § 3583(e)(3)). Further, Adams concedes that district courts may exercise their inherent authority to impose no-contact orders in limited circumstances. *See Wheeler v. United States*, 640 F.2d 1116, 1123–25 (9th Cir. 1981). Thus, the subject matter-jurisdiction exception to the collateral bar rule does not apply in this case, and Adams is precluded from collaterally attacking the validity of the no-contact order in contempt proceedings.

**AFFIRMED.**